FILED
SUPERIOR COURT
OF GUAM

2019 MAR -8 AM 11:00

CLERK OF COURT

By:_____ a

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0079-19 |
| vs. | DECISION AND ORDER |
| TAITANO RESELAP, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on March 5, 2019, for hearing on Defendant Taitano Reselap's ("Defendant") Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50(a) for Release on Personal Recognizance ("Motion for Bail Redetermination"). Defendant was present with counsel Assistant Public Defender Richard S. Dirkx, and Assistant Attorney General Brendlynn O. Joseph was present on behalf of the People of Guam ("the Government"). In accord with its ruling from the bench on March 5, 2019, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On February 19, 2019, Defendant was indicted with the following charges: (1) Family Violence (As a Third Degree Felony), with attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; (2) Terrorizing (As a Third Degree Felony), with attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of

*People v. Reselap*
Case No. CF0079-19
Decision and Order

a Felony; (3) Family Violence (As a Misdemeanor); and (4) Harassment (As a Petty Misdemeanor). (Indictment, Feb. 19, 2019). These charges stem from allegations that Defendant got upset at his girlfriend, slapped her face four times, punched her back, and threatened to kill her while holding a knife. (Decl. of Brendlynn O. Joseph, Magistrate's Compl., Feb. 9, 2019). Defendant subsequently chased after her when she ran out of the apartment. *Id.*

On February 18, 2019, Defendant filed a Motion and Application for Bail Redetermination Hearing under 8 G.C.A. § 40.50 for Release on Personal Recognizance. Defendant is confined pending the posting of $5,000 cash bail. *See* Commitment Order, Feb. 9, 2019. The Government did not file a written response to the motion, but orally opposed Defendant's release on personal recognizance without third-party custodians.

On February 20, 2019, at Arraignment, Defendant asserted his right to a speedy trial. Jury Selection and Trial is currently set for April 3, 2019.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the five thousand dollar ($5,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Feb. 18, 2019.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:

    (i)      length of his/her residence on Guam;

    (ii)     his/her employment status and history, and financial condition;

(iii)    his/her family ties and relationships;

(iv)    his/her reputation, character and mental and physical condition;

(v)    his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

(vi)    his/her history relating to drug or alcohol abuse;

(vii)    the identity of the reasonable members of the community who will vouch for his/her reliability;

(viii)    whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

(ix)    his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(d) release of the person during working hours, but with the condition that he return to custody at specific times; or

(e) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping

the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he has lived on Guam for the past 23 years, is employed at an unknown construction company, has three dependents, and has closed his prior cases. (Mot. at 2-3). At the hearing, Defendant indicated he would live with his sister if released.

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community and whether Defendant will appear in court when required. The Court recognizes the very serious nature of the offenses charged, along with the potential sentence Defendant would face should he be convicted of the charges. Defendant is accused of slapping, punching, and using a knife to threaten the alleged victim. Defendant's felony charges include Family Violence (As a Third Degree Felony) and Terrorizing (As a Third Degree Felony), each of which includes an attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony. Defendant faces a range of five (5) to twenty-five (25) years of imprisonment for each special allegation, as well as a range of zero to five years for both third degree felony offenses. Such a lengthy potential sentence would give anyone so accused considerable incentive to avoid future court hearings in the matter.

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community or Defendant's further appearance in court. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians in the future.

//

//

//

//

//

//

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. Further Proceedings are set for March 12, 2019 at 9:00 a.m.

**IT IS SO ORDERED,** *nunc pro tunc* to March 5, 2019, this ___March 08, 2019___.

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of

___AG's, PDSC___

Date 3/8/19 Time 11:05am

Deputy Clerk, Superior Court of Guam

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

*People v. Reselap*
Case No. CF0079-19
Decision and Order